**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) JERRY DEAN PAYNE, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-039-GKF-TLW |
| ) | |
| 1) JEREMY MYERS, in his official and ) | |
| individual capacities; 2) TERESA ) | |
| LASHMET, in her official and individual ) | |
| capacities; 3) KENNY McKEE, in his ) | |
| individual capacity; 4) THE ) | **JURY TRIAL DEMANDED** |
| CITY OF MIAMI, OKLAHOMA, an ) | |
| Oklahoma municipal corporation; ) | |
| 5) JOHN DOE NOS. 1-5, in their official ) | |
| and individual capacities; and 6) THE ) | |
| STATE OF OKLAHOMA ex rel. ) | |
| DEPARTMENT OF PUBLIC SAFETY, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Jerry Dean Payne, Jr., for his Complaint against the defendants, Jeremy Myers, Teresa Lashmet, Kenny McKee, the City of Miami, and the State of Oklahoma ex rel. Department of Public Safety, alleges and states as follows:

**PARTIES**

1. Plaintiff, Jerry Dean Payne, Jr., is an individual and a resident of Ottawa County, Oklahoma.

2. Defendant Jeremy Myers is a police officer employed by the City of Miami, Oklahoma and at all relevant times a resident of the State of Oklahoma. Defendant Myers is sued in both his individual and official capacities.

3. Defendant Teresa Lashmet is a police officer employed by the City of Miami, Oklahoma and at all relevant times a resident of the State of Oklahoma. Defendant Lashmet is sued in both her individual and official capacities.

4. Defendant Kenny McKee is an Oklahoma Highway Patrol officer employed by the State of Oklahoma, Department of Public Safety. Defendant McKee is sued in his individual capacity.

5. The City of Miami, Oklahoma is an Oklahoma municipal corporation and was at the time of the incident complained of herein responsible for the hiring, training, and supervision of defendants Myers and Lashmet. The City of Miami is responsible for the administration and management of the City of Miami Police Department.

6. John Doe Nos. 1-5 are police officers and/or employees of the City of Miami, Oklahoma and at all times residents of the State of Oklahoma. The John Does are sued in both their individual and official capacities.

7. Defendant State of Oklahoma ex rel. Department of Public Safety ("DPS") is a party to this action as a result of its employment of defendant McKee. The claims against DPS have been asserted under the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 *Okla. Stat.* § 151, *et seq*.

8. Defendants Myers, Lashmet and McKee were, at all relevant times, acting under the color of law.

**JURISDICTION AND VENUE**

9. The causes of action against Defendants arise from the deprivations of plaintiff's rights under the United States Constitution, which are actionable pursuant to 42 U.S.C. § 1983. As such, this Court has original jurisdiction under 28 U.S.C. § 1331.

2

10.     This Court also has supplemental subject-matter jurisdiction over plaintiff's state law tort claims pursuant to 28 U.S.C. § 1367(a), because those claims arise from the same case or controversy under Article III of the United States Constitution.

11.     The acts complained of herein occurred in Ottawa County, Oklahoma, which is also the residence of one or more of the defendants. Jurisdiction and venue are thus proper under 28 U.S.C. §§ 116(a) and 1391.

## FACTUAL BACKGROUND

12.     On May 14, 2013 at approximately 2:00 a.m., plaintiff was driving his pickup truck in Miami, Oklahoma. At all times, plaintiff was abiding by the applicable statutes and ordinances with respect to the operation of a motor vehicle.

13.     Plaintiff was pulled over in his pickup truck by defendant McKee and defendant Lashmet. Plaintiff was pulled over for alleged speeding and erratic driving. However, there were no facts or circumstances present that would have given McKee or Lashmet a reasonable belief that any traffic offense had been committed.

14.     In response to the officers' activation of their lights and other emergency equipment, plaintiff pulled into the Stables Casino parking lot, located at 530 H Street Southeast in Miami, and parked his vehicle in a normal parking spot. There was no passenger in plaintiff's truck. Both McKee and Lashmet also parked their patrol vehicles in the Stables Casino parking lot approximately one (1) car length behind plaintiff's truck. The lights of the officers' patrol cars continued to flash throughout the stop.

15.     Officer McKee immediately exited his Patrol car, drew his firearm and pointed it at the cab of plaintiff's vehicle. Lashmet also exited her vehicle, drew her firearm and pointed it at plaintiff, who was still in the cab of his truck. With their weapons pointed directly at plaintiff,

3

defendants McKee and Lashmet loudly shouted threatening comments at plaintiff. At the time, there were no facts that would remotely suggest that plaintiff was a threat to the officers.

16. Unsure of these officers' intentions, plaintiff opened the door of his truck and put both of his hands in the air to demonstrate that he was not a threat, and that he intended to comply with the officers' directions.

17. The defendant officers continued to shout at plaintiff and approached his vehicle, weapons drawn and pointed at plaintiff. Plaintiff sat in the seat of his pickup with his hands up in the air as they two officers approached.

18. Immediately upon reaching plaintiff, defendant McKee grabbed plaintiff, pulled him from the cab of the pickup truck, and violently threw him to onto the concrete pavement of the parking lot. Defendant McKee then grabbed plaintiff's left arm with his left arm and wrenched plaintiff's arm behind his back, while simultaneously using his other hand to slam plaintiff's face into the pavement.

19. Not only did defendant Lashmet do nothing to prevent defendant McKee from using this excessive force on plaintiff, but she joined defendant McKee by jumping on plaintiff's back and pushing his face into the concrete. At no time was plaintiff threatening or resisting the officers.

20. While defendants McKee and Lashmet were holding plaintiff face down on the pavement of the parking lot, defendant Myers of the Miami Police Department arrived at the scene. Defendant Myers parked his squad car on H Street just outside of the Stables Casino property about 20 yards away from plaintiff and the other defendant officers.

21. Defendant Myers then exited his patrol car and ran toward plaintiff and the other officers. By this time, plaintiff was laying on his stomach with this hands behind him, with

defendants McKee and Lashmet about to place him in handcuffs. Defendant Myers continued to run at plaintiff and when he reached the scene, immediately and violently kicked plaintiff in the face while he lay defenseless on the concrete. Defendant Myers then jumped on plaintiff's back causing further injury to plaintiff.

22. After defendant Myers kicked plaintiff, plaintiff was placed in handcuffs and left face down on the pavement. He was then assisted to his fee by defendant Lashmet, who then walked plaintiff to her patrol car.

23. Plaintiff was unlawfully arrested and jailed on the charges of driving under the influence and obstructing an officer. The arrest and charges were based on the false police reports prepared by defendants McKee, Lashmet, Myers, and John Doe Nos. 1-5.

24. The force used in connection with plaintiff's arrest was excessive and unreasonable under the circumstances. Plaintiff was unarmed and did not pose a threat to any of the defendant officers. Further, at no time did plaintiff resist or obstruct the officers. Any and all force was improperly and unjustifiably initiated by the defendant officers.

25. At no time prior to the traffic stop or in the course of plaintiff's detention and arrest were there any facts or circumstances present that would have justified a belief that plaintiff was intoxicated.

26. As a result of the excessive force used in connection with the arrest, plaintiff suffered multiple injuries, including severe injuries to his head and face.

27. The charges that were filed against plaintiff following his wrongful arrest were later dismissed.

28. Pursuant to the requirements of the GTCA, plaintiff timely presented Notices of Tort Claims to the City of Miami and the Oklahoma Office of Risk Management on January 9,

2014.  On April 11, 2014, the Oklahoma Office of Management and Enterprise Services sent a response to the plaintiff denying his claim.  The City of Miami never responded to the plaintiff's tort claim notice.  Thus, Plaintiff's tort claims are properly before the Court in accordance with Oklahoma law.

## CLAIMS FOR RELIEF

### Count I

**(42 U.S.C. § 1983 – Excessive Force Against Defendants McKee, Lashmet and Myers)**

29. Paragraphs 1 through 28 are incorporated by reference.

30. The force used on plaintiff by the defendants McKee, Lashmet and Myers was excessive and in violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.  The force was not reasonable or justifiable under the circumstances.

31. Defendants McKee, Lashmet and Myers actions were intentional, malicious and done with reckless disregard of plaintiff's rights.

32. As a direct and proximate result of the excessive force, plaintiff suffered injuries, including, but not limited to, significant physical injuries to his head and fact, pain and suffering, and mental anguish.

### Count II

**(42 U.S.C. § 1983 – Wrongful Arrest Against Defendants McKee, Lashmet and Myers)**

33. Paragraphs 1 through 32 are incorporated by reference.

34. The detention and arrest of plaintiff was unlawful and violated plaintiff's constitutional rights under the United States Constitution.

35. At no time were there any facts or circumstances that would have given defendants McKee, Lashmet or Myers a reasonable basis to believe that plaintiff was (i) committing a traffic

violation, (ii) obstructing the officers, or (iii) intoxicated. As a result, the stop and resulting arrest were in violation of law and plaintiff's constitutional rights.

36.    As a direct and proximate result of the wrongful arrest, plaintiff was deprived of his rights under the United States Constitution. The arrest directly resulted in injuries, including, but not limited to, significant physical injuries to his head and fact, pain and suffering, and mental anguish.

## Count III

**(42 U.S.C. § 1983 – Violation of Due Process Against
Defendants McKee, Lashmet, Myers and John Doe Nos. 1-5)**

37.    Paragraphs 1 through 36 are incorporated by reference.

38.    Following the incident described in this complaint, defendants McKee, Lashmet, Myers and John Doe Nos. 1-5 conspired to prepare and file false police reports that resulted in charges being filed against plaintiff.

39.    The statements in the reports were intentionally false and intended to cover up and conceal the three officers' excessive force and patently wrongful conduct.

40.    The false statements in the reports were such that they would shock the conscience and constitute a direct violation of plaintiff's rights under the Due Process Clause of the United States Constitution.

41.    As a direct and proximate result of the false police reports, plaintiff was deprived of his rights under the United States Constitution.

## Count IV

**(42 U.S.C. § 1983 – Governmental Liability Against City of Miami)**

42.    Paragraphs 1 through 41 are incorporated by reference.

43. The defendant City of Miami maintained, and continued to maintain, a custom and/or policy of (i) excessive force, (ii) wrongful detentions and arrests, and (iii) submission of false police and incident reports to cause charges to be filed against citizens. This custom and/or policy is so widespread within the City of Miami that it has the force of law.

44. The custom and/or policy at issue was directly linked to the excessive force utilize by the defendant officers on plaintiff, as well as the wrongful arrest based on false reports. The custom and/or policy was the moving force behind the deprivation of plaintiff's rights under the United States Constitution.

45. As a result, the City of Miami is liable for the damages caused by their officers' violations of plaintiff's constitutional rights.

### Count V

**(42 U.S.C. § 1983 – Negligent Training, Supervision, and Discipline Against City of Miami)**

46. Paragraphs 1 through 45 are incorporated by reference.

47. Defendant the City of Miami was and is responsible for the training, supervision and discipline of defendants Lashmet, Myers, and John Doe Nos. 1-5.

48. The City of Miami failed to adequately train, direct, supervise, and/or control the actions of the defendants Lashmet, Myers and John Doe Nos. 1-5 so as to prevent a violation of plaintiff's constitutional rights and of other similarly situation individuals.

49. The City of Miami is and was deliberately indifferent to its failure to train, supervise, and discipline defendants Lashmet, Myers, and John Doe Nos. 1-5.

50. As a direct and proximate result of this deliberate and indifferent failure to train, supervise or discipline, plaintiff was deprived of his rights under the United States Constitution.

51. As a result, the City of Miami is liable for the damages caused by its officers' violations of plaintiff's constitutional rights.

## Count VI

**(Assault and Battery – All Defendants)**

52. Paragraphs 1 through 51 are incorporated by reference.

53. The actions of the defendant officers (Lashmet, Myers and McKee) were taken with the intent of making harmful and offensive contact with the plaintiff. The actions also put plaintiff in apprehension of immediate harmful and offensive contact from defendant officers.

54. In addition, the defendant officers (Lashmet, Myers and McKee) did, in fact, make harmful and offensive contact with plaintiff in the course of the unlawful arrest detailed above.

55. As a direct and proximate result of the assault, plaintiff suffered damages, including, but not limited to, significant physical injuries to his head and fact, pain and suffering, and mental anguish.

56. Pursuant to the GTCA, the City of Miami and DPS are responsible for the damages caused by the officers because they were acting within the scope of their employment.

57. In the alternative, and to the extent that the jury determines that the actions of the defendant officers were outside the scope of their employment, the individual defendants should be held liable for the plaintiff's damages, including punitive damages.

## Count VII

**(Intentional Infliction of Emotional Distress – All Defendants)**

58. Paragraphs 1 through 57 are incorporated by reference.

59. The actions of the defendant officers (Lashmet, Myers, McKee, and John Doe Nos. 1-5) as alleged herein were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

60. The outrageous and unjustified actions of the defendant officers intentionally or recklessly caused severe emotional distress to plaintiff beyond that which a reasonable person could be expected to endure. This distress included mental pain and suffering, mental anguish, fright, horror, grief, humiliation, embarrassment and worry.

61. Pursuant to the GTCA, the City of Miami and DPS are responsible for the emotional distress caused by the officers because they were acting within the scope of their employment.

62. In the alternative, and to the extent that the jury determines that the actions of the defendant officers were outside the scope of their employment, the individual defendants should be held liable for the plaintiff's emotional distress damages, including punitive damages.

## Count VIII

### (False Imprisonment – All Defendants)

63. Paragraphs 1 through 62 are incorporated by reference.

64. The arrest of plaintiff by the defendant officers (Lashmet, Myers and McKee) constituted an unlawful restraint of plaintiff's personal liberty and freedom. The arrest was without any probable cause or proper legal authority and constitutes an actionable claim for false imprisonment.

65. As a direct and proximate result of the false imprisonment, plaintiff suffered damages, including, but not limited to, actual damages, physical injuries, pain and suffering, and mental anguish.

66. Pursuant to the GTCA, the City of Miami and DPS are responsible for the damages caused by the officers because they were acting within the scope of their employment.

67. In the alternative, and to the extent that the jury determines that the actions of the defendant officers were outside the scope of their employment, the individual defendants should be held liable for the plaintiff's damages, including punitive damages.

## Count IX

### (Negligence – City of Miami and DPS)

68. Paragraphs 1 through 67 are incorporated by reference.

69. The defendant officers (Lashmet, Myers and McKee) had a duty to use only such force in connection with the plaintiff's arrest (despite being unlawful) as a reasonably prudent law enforcement officer would use in light of the objective circumstances confronting them at the time of plaintiff's arrest.

70. The officers violated this duty of care when they used unreasonable and excessive force on the plaintiff.

71. As a direct and proximate result of the defendant officers' negligence, plaintiff suffered damages, including, but not limited to, actual damages, physical injuries, pain and suffering, and mental anguish.

72. Pursuant to the GTCA, the City of Miami and DPS are responsible for the damages caused by the officers' negligence because they were acting within the scope of their employment.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Jerry Dean Payne, Jr., prays for judgment against the defendants individually and collectively in their personal and official capacities, as follows:

A. Actual damages against defendants in an amount to be proved at trial;

B. Nominal damages where the Court deems such damage proper as a result of the defendants' violations of plaintiff's constitutional rights;

C. Punitive damages as provided by law;

D. An award of attorneys' fees and costs allowed under 42 U.S.C. § 1988(b);

E. Interest as provided by applicable law; and

F. Such other relief as the Court deems just and equitable.

DATED this 2nd day of May, 2014.

**PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,

/s/Joel L. Wohlgemuth
**Joel L. Wohlgemuth**, OBA #9811
**Ryan A. Ray,** OBA #22281
**David R. Ross**, OBA # 19930
**NORMAN WOHLGEMUTH CHANDLER & JETER**
401 South Boston, Suite 2900
Tulsa OK 74103
(918) 583-7571
(918) 584-7846 (facsimile)
Email: jlw@nwcjlaw.com
          rar@nwcjlaw.com
          drr@nwcjlaw.com

and
**Clinton M. Ward**, OBA #12027
**Josh D. Lee**, OBA #21736
**WARD LEE & COATS, P.L.C.**
221 West Delaware St.
P.O. Box 352
Vinita, OK 74301
(918) 323-9100
(918) 323-9102 (facsimile)
Email: joshlee@wardandlee.com

**ATTORNEYS FOR PLAINTIFF,
JERRY DEAN PAYNE**
<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on May 2, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Thomas A. Le Blanc
tleblanc@bestsharp.com
*Attorneys for Defendant City of Miami*

Richard N. Mann
richard.mann@oag.ok.gov
*Attorney for Defendant Kenny McKee*

Derrick T. DeWitt
Brett M. Stingley
dewitt@ntmdlaw.com
bstingley@ntmdlaw.com
*Attorneys for Defendants Jeremy Myers and Teresa Lashmet*

            /s/ Joel L. Wohlgemuth
            **Joel L. Wohlgemuth**