**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERRY DEAN PAYNE, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-039-GKF-TLW |
| ) | |
| JEREMY MYERS, in his official and ) | |
| individual capacities; TERESA ) | |
| LASHMET, in her official and individual ) | |
| capacities; KENNY McKEE, in his ) | |
| individual capacity; THE ) | |
| CITY OF MIAMI, OKLAHOMA, an ) | |
| Oklahoma municipal corporation; ) | |
| JOHN DOE NOS. 1-5, in their official ) | |
| and individual capacities; and THE ) | |
| STATE OF OKLAHOMA ex rel. ) | |
| DEPARTMENT OF PUBLIC SAFETY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS JEREMY MYERS' AND
TERESA LASHMET'S PARTIAL MOTION TO DISMISS**

Although they previously answered the claim (and the claim was unchanged from the original Complaint), the individual defendants Jeremy Myers and Teresa Lashmet have now belatedly moved to dismiss Plaintiff's due process claim against them. (*See* Dkt. # 38). Myers and Lashmet incorrectly assert that Mr. Payne's due process claim is precluded by the United States Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), and the Tenth Circuit Court of Appeals' decision in *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013). The *Parratt* doctrine, which *Myers* follows, applies only to deprivations of due process which could not have been anticipated, and thus does not support dismissal in this case given the history of similar police abuses in Miami, Oklahoma. There is evidence that the officers' conduct in this case was part of a pattern and practice of unchecked police abuse in the Miami Police Department (as

has been expressly alleged). Further, *Parratt* and *Myers* do not preclude Mr. Payne's due process claim because those decisions apply only to procedural due process claims, and does not apply to violations of a plaintiff's substantive due process rights which occurred here due to the entirety of the conscious-shocking conduct to which Myers and Lashmet subjected Mr. Payne.

**I.     THE OFFICERS' MISCONDUCT COULD HAVE BEEN ANTICIPATED, THEREFORE *PARRATT* AND *MYERS* ARE INAPPLICABLE.**

*Parratt* and *Myers* only warrant dismissal of a plaintiff's claims where the defendant has shown that the alleged deprivation "could not have been anticipated or prevented pre-deprivation." *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), as amended on denial of reh'g (Jan. 8, 2014).  In such circumstances, there can be no procedural due process claim because, practically speaking, post-deprivation remedies "are the only remedies the State could be expected to provide." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990).  But courts should be "cautious in invoking the rule of *Parratt* . . . because of the important role federal courts have assumed in elaborating vital constitutional guarantees against arbitrary or oppressive state action." *Albright v. Oliver*, 510 U.S. 266, 285 (1994) (Kennedy, J. concurring). Where the deprivation is predictable, and additional procedural safeguards could have prevented the deprivation, *Parratt*'s limitation on due process claims does not apply. *Zinermon*, 494 U.S. at 132.

For example, in *Zinermon*, the Supreme Court held that a plaintiff properly stated a claim under § 1983 for violation of procedural due process where the unlawful deprivation of liberty at issue was predictable. *Id*. at 136. In *Zinermon*, the plaintiff was a "voluntary" patient at a state mental hospital, who claimed he was admitted absent his informed consent. The Court held that "[i]t is foreseeable that persons requesting treatment might be incapable of informed consent, and that state officials with the power to admit patients might take their apparent willingness to be admitted at face value." *Id*. at 113-14. Therefore, the Court concluded that the defendants "cannot

claim that the deprivation of [plaintiff's] liberty was unpredictable" and thus the case was "not controlled by *Parratt* and *Hudson*." *Id*. at 136.

In addition, the *Zinermon* Court relied on the fact that "had the State limited and guided [defendants] . . . the deprivation might have been averted." *Id*. at 137. Furthermore, the defendants could not "characterize their conduct as 'unauthorized' in the sense the term is used in *Parratt* and *Hudson*. The State delegated to them the power and authority to effect the very deprivation complained of[.]" *Id.* at 138.

In his First Amended Complaint, Mr. Payne alleged "a custom and/or policy" in the City of Miami "of (i) excessive force, (ii) wrongful detentions and arrests, and (iii) submission of false police and incident reports[.]" (Dkt. # 33, ¶¶ 43-45). Since filing his First Amended Complaint, Mr. Payne has learned that the offending officers' conduct could have been anticipated and prevented. According to a memorandum from Ottawa County Assistant District Attorney Ben Loring to Oklahoma First Assistant Attorney General Tom Bates, dated October 22, 2013 (attached hereto as "Exhibit A"), "there had been 17 internal investigations at Miami P.D. over [these] types of issues" prior to Mr. Payne's assault and the resulting misconduct. "Types of issues" refers to police abuses such as those suffered by Mr. Payne. The memorandum indicates that the police abuse was the result of "weak and inappropriate supervision" by supervisors who were "as guilty of using excessive force as anyone else." (Exhibit A). While Mr. Payne asserts that these facts are "reasonable inferences" that can be drawn from the existing First Amended Complaint's factual allegations especially construing them "in the light most favorable to the plaintiff[]," as the Court must, *see Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011), Mr. Payne respectfully requests that the Court grant him leave to amend his Complaint to further explain these issues, should the Court deem it necessary.

The memorandum, at a minimum, raises questions of fact as to a pattern and practice of the kind of conduct alleged in the First Amended Complaint. It is readily apparent from the memorandum that, just as in *Zinermon*, the state action to which Mr. Payne was subjected could have been anticipated. Further, had the officers been properly supervised and sanctioned for prior misconduct, the deprivation could have been prevented. Finally, the officers were authorized by law to make arrests and submits affidavits to the Court, thus they cannot claim to have been unauthorized. Therefore, the *Parratt* doctrine, as refined by *Myers*, does not support dismissal of Mr. Payne's claims.

## II. THE DEFENDANTS' CONDUCT VIOLATED MR. PAYNE'S SUBSTANTIVE DUE PROCESS RIGHTS.

In *Parratt*, the Supreme Court held that in certain circumstances of random or unauthorized conduct of state actors, the availability of post deprivation remedies—such as state tort laws—satisfies the requirements of due process. *Id*. at 541. But there are some abuses by government officials which are so grievous that no amount of process can justify them. *Becker v. Kroll*, 494 F.3d 904, 918 (10th Cir. 2007). In such severe cases, the conduct amounts to a violation of a plaintiff's rights under the substantive component to the Due Process Clause, making post deprivation remedies irrelevant and rendering *Parratt* wholly inapplicable. *Parratt v. Taylor,* 451 U.S. 527, 545 (1981) (Blackmun, J., concurring) ("[T]here are certain governmental actions that, even if undertaken with a full panoply of procedural protection, are, in and of themselves, antithetical to fundamental notions of due process.").

The dichotomy between procedural and substantive due process as it relates to the *Parratt* doctrine was succinctly summed up by the Eleventh Circuit Court of Appeals:

> Unlike procedural due process claims, which challenge the adequacy of the procedures used by the government in deciding how to treat individuals, substantive due process claims allege that certain governmental conduct would remain

> unjustified even if it were accompanied by the most stringent of procedural safeguards. Such substantive claims are outside the scope of *Parratt* because the constitutional violation is complete at the moment when the harm occurs. The existence of state postdeprivation remedies therefore has no bearing on whether the plaintiff has a constitutional claim.

*Gilmere v. City of Atlanta, Ga.*, 774 F.2d 1495, 1499-500 (11th Cir. 1985).

The facts alleged in the First Amended Complaint state a claim for violation of Mr. Payne's substantive due process rights. To establish a violation of substantive due process rights, a plaintiff must show: 1) a protected liberty interest; and 2) action by a state actor which "shocks the conscience." *See Chavez v. Martinez*, 538 U.S. 760, 774 (2003). Here, the officers' actions in physically beating Mr. Payne without cause, and then subjecting him to prosecution based on a falsified affidavit, taken together, satisfy both of these elements.

The substantive component of the due process clause protects a citizen's "right to be free from, and to obtain judicial relief for, unjustified intrusions on personal security." *Garcia by Garcia v. Miera*, 817 F.2d 650, 654 (10th Cir. 1987). In *Garcia*, the court held that where a school administrator paddled a student so severely as to cause deep bruises, the administrator had violated the students substantive due process "right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience of a court." *Id.* at 655; *see also Wood v. Ostrander*, 851 F.2d 1212, 1216 (9th Cir. 1988) *on reh'g*, 879 F.2d 583 (9th Cir. 1989) ("The seriousness of the official misconduct may determine whether 'the constitutional line' between a procedural and a substantive due process violation 'has been crossed,' so that the availability of state court relief will not bar a § 1983 claim. **Clearly, the line is crossed in instances of serious police brutality**.") (emphasis added) (internal citation omitted). Here, as in *Garcia*, Mr. Payne suffered severe physical beating at the hands of state actors. This action violated Mr. Payne's protected liberty interest, and shocks the conscience.

5

Similarly, courts have held that when a plaintiff "offers evidence of a purposeful police conspiracy to manufacture, and the manufacture of, false evidence . . . designed to falsely formulate a pretense of probable cause," such conduct sufficiently shocks the conscience so as to state a claim for violation of substantive due process. *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002).

Here, as in *Garcia*, Mr. Payne suffered severe physical beating. To compound the constitutional harm, similar to *Moran*, the violating officers then lied about his arrest in a falsified police report, which resulted in charges which were later dismissed. Such conduct "shocks the conscience," and therefore states a claim for relief under the substantive due process clause of the Fourteenth Amendment.

### ALTERNATIVE REQUEST FOR LEAVE TO AMEND

Although Mr. Payne submits that his existing First Amended Complaint adequately encompasses a theory of liability under the Fourth Amendment for the Defendants' execution of a false affidavit in order to subject Mr. Payne to the criminal process, Mr. Payne respectfully requests leave of court to amend his complaint to make that clear, should the Court disagree.[1]  *See Wilkins v. DeReyes*, 528 F.3d 790, 798-99 (10th Cir. 2008) (recognizing that, when a defendant is subjected to a criminal prosecution claim on the basis of a false affidavit, the defendant may, if the criminal action is terminated in his favor, pursue a malicious prosecution claim under the Fourth Amendment). The elements of such a claim are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Id.* at 800. The factual

---

[1] "There is no such requirement that a plaintiff must request leave to amend by filing a separate motion as opposed to requesting leave to amend in a response to a motion to dismiss." *S2 Automation LLC v. Micron Tech., Inc.*, 281 F.R.D. 487, 498 (D.N.M. 2012).

allegations of the First Amended Complaint clearly demonstrate each element as to Lashmet and Myers.  (*See* First Amended Complaint at ¶¶ 23, 25, 27, 31, 32).  Should the Court conclude that this is the appropriate claim for relief based upon the factual allegations, the Court should grant leave to amend and assert such a claim.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

## CONCLUSION

The Defendants' Partial Motion to Dismiss (Doc. 38) should be **denied** or Mr. Payne should be granted leave to file an Amended Complaint further clarifying the individual defendants' misconduct and/or the claims for relief that arise from that misconduct.

Respectfully submitted,

/s/ Ryan A. Ray
**Joel L. Wohlgemuth**, OBA #9811
**Ryan A. Ray,** OBA #22281
**David R. Ross**, OBA # 19930
**NORMAN WOHLGEMUTH CHANDLER & JETER**
401 South Boston, Suite 2900
Tulsa OK 74103
(918) 583-7571
(918) 584-7846 (facsimile)
Email: rar@nwcjlaw.com

-and-

**Clinton M. Ward**, OBA #12027
**Josh D. Lee**, OBA #21736
**WARD LEE & COATS, P.L.C.**
221 West Delaware St.
P.O. Box 352
Vinita, OK 74301
(918) 323-9100
(918) 323-9102 (facsimile)
Email: joshlee@wardandlee.com

**ATTORNEYS FOR PLAINTIFF,
JERRY DEAN PAYNE**

7

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 6, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Thomas A. Le Blanc
tleblanc@bestsharp.com
*Attorneys for Defendant City of Miami*

Richard N. Mann
richard.mann@oag.ok.gov
*Attorney for Defendant Kenny McKee*

Derrick T. DeWitt
Brett M. Stingley
dewitt@ntmdlaw.com
bstingley@ntmdlaw.com
*Attorneys for Defendants Jeremy Myers and Teresa Lashmet*

        /s/ Ryan A. Ray
        **Ryan A. Ray**